**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Avatar Income Fund I L.L.C., ) | No. | CV 07-8050-PCT-PGR |
| Plaintiff, ) | | |
| vs. ) | **ORDER** | |
| Eagle Storage & Development ) L.L.C., ) | | |
| Defendants. ) | | |
| _____) | | |

On July 13, 2007, the Plaintiff filed a Complaint (Doc. 1) alleging jurisdiction based solely on diversity of citizenship pursuant to 28 U.S.C.A. § 1332 (West 2006).[1] Having reviewed the Complaint, the Court finds that the jurisdictional allegations are inadequate to establish the existence of subject matter jurisdiction inasmuch as the Complaint fails to properly allege the citizenship of the parties.

The jurisdictional allegation regarding Plaintiff Avatar Income Fund I LLC ("Avatar") is inadequate since it merely states that the Plaintiff "is a Delaware Limited Liability Company whose principal place of business is in the State of Washington." The Complaint

---

[1] In order for this Court to exercise jurisdiction based on diversity under 28 U.S.C. § 1332, complete diversity of citizenship must exist. The Supreme Court has repeatedly held that diversity jurisdiction does not exist unless **each** Defendant is a citizen of a different state from **each** Plaintiff. Owen Equipment and Erection Co. v. Kroger, 437 U.S. 365, 373 (1978).

also inadequately alleges the citizenship of Defendant Eagle Storage & Development L.L.C. ("Eagle Storage") by merely stating that it is "an Arizona Limited Liability Company whose principal place of business is in the State of Arizona." These jurisdictional allegations are insufficient as a matter of law because a limited liability company is not treated as a corporation for purposes of determining whether diversity exists under § 1332. <u>Johnson v. Columbia Properties Anchorage, L.P.</u>, 437 F.3d 894, 899 (9th Cir. 2006) (Nothwithstanding L.L.C.'s corporate traits, ... every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction. ... We therefore join our sister circuits and hold that, like a partnership, an L.L.C. is a citizen of every state of which its owners/members are citizens.") Thus, what is required in the present Complaint is an affirmative allegation of the **citizenship of each member** of the Plaintiff and the Defendant limited liability companies. Therefore,

IT IS ORDERED that the Plaintiff's Complaint (Doc. 1) is dismissed for lack of subject matter jurisdiction, and the Plaintiff shall file an amended Complaint properly stating a jurisdictional basis for this action no later than **Monday, August 6, 2007.**[2] The Plaintiff's failure to timely comply with this order shall result in the dismissal of this action without further notice.

IT IS FURTHER ORDERED that **the Plaintiff shall forthwith give notice of this order to any Defendant already served with process.**

DATED this 23rd day of July, 2007.

```
                    Paul G. Rosenblatt
                    United States District Judge
```

---

[2] The Plaintiff is advised that its failure to timely comply with this Order shall result in the dismissal of this action without further notice.

- 2 -